UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAPHEAL G RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD PACIFIC/VIGOR INDUSTRIES,<br><br>    Defendant. | CASE NO. C13-1743 MJP<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL AND MOTION TO BIFURCATE AND CLAIRFY |

This matter is before the Court on two motions from Plaintiff: a motion to compel and for sanctions (Dkt. No. 31) and a motion to bifurcate and clarify (Dkt. No. 32). The Court reviewed both motions, Defendant's responses (Dkt. Nos. 33 and 35), and all related documents. Plaintiff did not submit a reply brief for either motion. Both motions are DENIED.

I.     Motion to Compel and for Sanctions

Plaintiff moves for an order compelling Defendants to respond to interrogatories. (Dkt. No. 31.) Plaintiff attached several documents to his motion, which appear to be medical records and some fax confirmations. (Id. at 2-25). Plaintiff indicates the documents were sent May 15, 2014, and argues Defendant should have responded within 30 days, by June 15, 2014. (Id. at 1.)

ORDER ON PLAINTIFF'S MOTION TO COMPEL
AND MOTION TO BIFURCATE AND CLAIRFY-
1

1  Defendant opposes the motion, arguing Plaintiff failed to request or conduct a Rule 37
2  conference before bringing his motion to compel. (Dkt. No. 33 at 1.) More importantly,
3  Defendant argues, it did timely respond to Plaintiff's discovery requests. Defendant produces a
4  U.S. Postal Service confirmation showing the response was delivered to Plaintiff's address on
5  June 14, 2014. (Dkt. No. 34-2 at 1.)
6      "Any motion for an order compelling disclosure or discovery must include a certification,
7  in the motion or in a declaration or affidavit, that the movant has in good faith conferred or
8  attempted to confer with the person or party failing to make disclosure or discovery in an effort
9  to resolve the dispute without court action." Local Civil Rule 37(a). Plaintiff failed to provide
10 any indication he requested a Rule 37 conference. Further, Defendant provides an affidavit
11 stating it did timely respond, as well as documentation of delivery. (Dkt. Nos. 34-1 and 34-2.)
12 For both of these reasons, Plaintiff's motion is DENIED.
13      II.     Motion to Bifurcate and Clarify
14      Plaintiff labels his second motion as a motion to "have this case fully bifurcated and to
15 clarify Vigor Todd liabilities on these injuries." (Dkt. No. 32.) In the body of the motion,
16 Plaintiff does not address bifurcation or clarification. Instead, he states Defendant has been a
17 government contractor with a "hefty part of . . . contracts just like in Bank America Countrywide
18 where the Courts rule Bank of America is liable for Countywide notoriousness where they [are]
19 the same contract[,] the same people[,] the same rules[.] That spells discrimination[.]" (Id. at 1-
20 2.) Plaintiff attaches a letter from the postal service indicating the location of his Post Office Box
21 will be changing, but that his box address will not change. (Dkt. No. 32 at 3.) Defendant opposes
22 the motion, arguing Plaintiff's motion is unintelligible. (Dkt. No. 35 at 1.)
23
24

The Court agrees with Defendant. Federal Rule of Civil Procedure 7(b)(1)(B) and (C) requires motions state with particularity the grounds for seeking an order, and state the relief sought. Plaintiff's motion does neither of these things. The Court cannot determine what Plaintiff is asking for. Plaintiff's motion is DENIED.

**Conclusion**

Plaintiff's motions to bifurcate and to compel (Dkt. Nos. 31 and 32) are without merit. Both motions are DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 15th day of July, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER ON PLAINTIFF'S MOTION TO COMPEL
AND MOTION TO BIFURCATE AND CLAIRFY-
3