1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  RAPHEAL G RUSSELL,                          CASE NO. C13-1743 MJP

11               Plaintiff,                     ORDER GRANTING
                                                DEFENDANT'S MOTION TO
12        v.                                    DISMISS FOR FAILURE TO
                                                PROSECUTE
13  TODD PACIFIC/VIGOR INDUSTRIES,

14               Defendant.

15

16        THIS MATTER is before the Court on Defendant Vigor Shipyard's ("Defendant")

17  Motion to Dismiss for Failure to Prosecute.  The Court reviewed the motion (Dkt. No. 63),

18  Plaintiff Rapheal G. Russell's ("Plaintiff") response (Dkt. No. 66), and all related papers.  The

19  Court GRANTS Defendant's Motion to Dismiss for Failure to Prosecute.

20                                   **Background**

21        Trial is currently set in this matter for December 15, 2014.  (Dkt. No. 25).  The initial

22  discovery deadline was July 18, 2014.  (Id.)  On Defendant's motion, this Court has previously

23  extended the discovery deadline three times, allowing Plaintiff's deposition to be scheduled at a

24  later date in order to accommodate Plaintiff's medical and other needs.  (Dkt. Nos. 41, 52 and

61.)  In its October 7, 2014 Order extending the discovery deadline for the third time, the Court ordered Plaintiff to provide three dates that he would be available for deposition before the October 28, 2014 deadline within seven days.  (Dkt. No. 61.)  The Court cautioned Plaintiff that if he failed to submit to a deposition, the Court would dismiss Plaintiff's case without prejudice for failure to prosecute.  (Id.)

On October 13, 2014, Plaintiff faxed a document to Defendant's counsel's office which stated the following:

> These days I am providing I may be availbe [sic] the 23rd 24th and the 27th of October I will do my best to be available . . .
> My reading glasses are gone I do have a discriminating hearing loss and is [sic] unable to communicate with out [sic] my hearing aids . . . [sic] will follow the court orders and be there but not be able to communicate or understand what there [sic] asking it would be a waste of time. . .

(Dkt. No. 64-7.)  Defendant moves to dismiss Plaintiff's complaint with prejudice on the grounds that Plaintiff failed to comply with the Court's Orders regarding his deposition.  (Dkt. No. 63.)  Plaintiff opposes dismissal.  (Dkt. No. 66.)  Plaintiff has also filed a Motion to Continue the Trial.  (Dkt. No. 67.)

<u>Discussion</u>

**A.    Legal Standard**

Federal Rule of Civil Procedure 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"  and that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."  The Ninth Circuit has held courts should consider five factors in determining whether to dismiss a case for failure to prosecute or failure to comply with court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

1 | (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

2 | drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

3 | **B.    Analysis**

4 | Dismissal is appropriate in this case because Plaintiff has repeatedly failed to comply

5 | with the Court's Orders regarding his deposition.  Defendant argues even after the Court's

6 | October 7, 2014 Order, "Plaintiff has not made himself available for a deposition because despite

7 | his willingness to be 'present,' Plaintiff has made clear that he will be unable to communicate or

8 | understand what is being asked—a necessary prerequisite to giving testimony at a deposition."

9 | (Dkt. No. 63 at 3-4.)  Plaintiff argues he provided dates to Defendant's counsel pursuant to the

10 | Court's Order.  (Dkt. No. 67.)  Plaintiff's argument is unavailing.  Plaintiff did not comply with

11 | the Court's Order by offering Defendant three dates that he may be available for deposition and

12 | simultaneously asserting that he would not be able to communicate or understand anything at the

13 | deposition.  (Dkt. No. 64-7.)

14 | The factors set forth by the Ninth Circuit in Henderson weigh in favor of dismissal in

15 | this case.  Given Plaintiff's failure to submit to a deposition pursuant to three Court Orders

16 | entered over a period of about three months, the first factor weighs in favor of dismissal.  See

17 | Pagtalunan v. Gaza, 291 F.3d 639, 642 (2002).  The second factor weighs in favor of dismissal as

18 | well because Plaintiff's failure to submit to a deposition has consumed some of the Court's time

19 | that could have been devoted to other cases on its docket.  Id.  To prove prejudice under the third

20 | factor, Defendant must establish Plaintiff's actions "impaired defendant's ability to proceed to

21 | trial or threatened to interfere with the rightful decision of the case."  Id. (citing Malone v.

22 | United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Defendant contends its ability to

23 | defend itself against Plaintiff's allegations had been "significantly impaired by Plaintiff's refusal

24 |

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS FOR FAILURE TO PROSECUTE- 3

to make himself available for deposition" and that because of Plaintiff's conduct, Defendant "has devoted substantial resources to something other than the actual defense of this case . . ." (Dkt. No. 63 at 9-10.)  The Court finds the third factor also weighs in favor of dismissal, because Plaintiff's unwillingness to submit to a deposition has compelled Defendant to expend resources seeking relief from this Court from discovery and other case deadlines instead of preparing its defense for trial.  The fourth factor weighs in favor of dismissal because the Court has extended the discovery deadline three times in order to accommodate Plaintiff and has warned Plaintiff of the consequences of his failure to comply with Court Orders.  (Dkt. Nos. 41, 52, 61.)  The fifth factor does not weigh in favor of dismissal because public policy favors disposition of cases on the merits.  Pagtalunan, 291 F.3d at 643.  On balance, the Henderson factors weigh in favor of dismissal of this case.  However, the Court finds a dismissal with prejudice is inappropriate in this case.  On September 25, 2014, Plaintiff notified the Court that a fire had destroyed his home and many of his belongings.  (Dkt. No. 58.)  In light of Plaintiff's present circumstances, the Court finds a dismissal without prejudice is appropriate.

## Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss for Failure to Prosecute and DISMISSIS Plaintiff's case without prejudice.   (Dkt. No. 63.) Plaintiff's Motion to Continue the Trial is DENIED as moot.  (Dkt. No. 67.)

The clerk is ordered to provide copies of this order to all counsel.

Dated this 25th day of November, 2014.

Marsha J. Pechman
United States District Judge